[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14709
Non-Argument Calendar

_____

D.C. Docket No. 0:04-cr-60232-KAM-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD JULES,
a.k.a. Harold Jean Jules,
a.k.a. Ray-Ray,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 5, 2013)

Before TJOFLAT, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

Harold Jules was convicted by a jury of one count of conspiring to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 846, and two counts of distributing five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The presentence investigation report concluded that he was a career offender under United States Sentencing Guidelines § 4B1.1(a) (Nov. 2005). Because Jules was a career offender and the offense carried a maximum life sentence, the PSR recommended a base offense level of 37. See id. § 4B1.1(b)(A). Jules received no other enhancements or reductions, making his total offense level 37. As a career offender, Jules' criminal history category was VI. See id. § 4B1.1. The result was a guidelines range of 360 months to life imprisonment. The district court sentenced Jules to 360 months imprisonment.

Jules, acting pro se, filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), contending that Amendment 750 to the sentencing guidelines reduced his guidelines range. The district court denied that motion, concluding that Jules was not eligible for a sentence reduction under § 3582(c)(2) because he was sentenced as a career offender. This is Jules' appeal.

We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2). United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008). "Where a retroactively applicable guideline amendment

reduces a defendant's base offense level, but does not alter the [career offender] sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." Id. at 1330.  While Amendment 750 reduced the base offense level for crack cocaine offenses, it did not alter the sentencing range upon which Jules' sentence was based because he was sentenced under the career offender guideline, U.S.S.G. § 4B1.1.  For that reason, Moore controls here.

Jules contends that the Fair Sentencing Act of 2010 lowered his mandatory minimum, which in turn affected his offense level under the career offender guideline.  The Fair Sentencing Act, however, cannot serve as a basis for a § 3582(c)(2) sentence reduction because it is not a guidelines amendment by the Sentencing Commission.  See United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012).  Moreover, the Fair Sentencing Act does not apply retroactively to defendants like Jules who were sentenced before its enactment in 2010.  Id.[1]

**AFFIRMED.**

---

[1] Jules also contends that the district court erred by not considering the factors in 18 U.S.C. § 3553(a).  Because Jules' guidelines range was not lowered by Amendment 750, the district court did not have discretion to lower his sentence, and it therefore could not consider the § 3553(a) factors.  See United States v. Bravo, 203 F.3d 778, 780–81 (11th Cir. 2000).

3